IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JUAN FRANCISCO BRAVO-FERNÁNDEZ<br><br>Plaintiff<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION<br><br>Defendant | Civil No. 22-1020 (ADC/GLS) |

**REPORT AND RECOMMENDATION**

This matter comes before the Court as Defendant ("FBI") moves for dismissal of Plaintiff's claims for lack of jurisdiction. Docket Nos. 6-7. Plaintiff opposed. Docket No. 9. The FBI and Plaintiff supplemented their briefs at Docket Nos. 16 and 18, respectively. The matter was referred to the undersigned for a Report and Recommendation. Docket No. 11. For the reasons set forth below, the Court recommends that the FBI's motion to dismiss be **GRANTED**.

**I.      Standard of Review**

A complaint must be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure if, after considering the facts alleged by plaintiff in the most favorable light, the Court lacks subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). There is no subject matter jurisdiction when the action does not present a case or controversy. Baker v. Carr, 369 U.S. 186, 199 (1962). Rule 12(b)(1) is a proper vehicle to move for the dismissal of an action that is, or has become, moot. O'Neill v. Fed. Deposit Inc. Corp., 2013 WL 12237728 * 2 (D.P.R.) (citing Valentín v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001)). When the Court concludes that a case is moot dismissal is compulsory. United States v. Cintrón-Moreno, 2009 WL 4727824 * 3 (D.P.R.) (quoting Overseas Military Sales Corp. v. Giralt–Amada, 503 F.3d 12, 17 (1st Cir. 2007)).

As courts with limited jurisdiction, federal courts have the duty to strictly construe jurisdictional grants. See e.g., Alicea Rivera v. SIMED, 12 F.Supp.2d 243, 245 (D.P.R. 1998).

When considering a motion under Rule 12(b)(1), the Court's inquiry is whether a plaintiff's pleadings set forth sufficient allegations to establish subject matter jurisdiction. Reyes de León v. Coconut Prop., LLC, 546 F.Supp.3d 116, 121 (D.P.R. 2021)(citing Marrero v. Costco Wholesale Corp., 52 F. Supp. 3d 437, 439 (D.P.R. 2014); Casey v. Lifespan Corp., 62 F. Supp. 2d 471, 474 (D.R.I. 1999)). "[T]he Court must construe the complaint liberally and the pleadings are to be taken as true, 'according the plaintiff the benefit of all reasonable inferences.'" Reyes de León, 546 F.Supp.3d at 121 (citing Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)). However, plaintiffs may not rest on "'unsupported conclusions or interpretations of law.'" Murphy v. United States, 45 F.3d at 522 (citing Washington Legal Found. v. Massachusetts Bar Found., 993 F.2d 962, 971 (1st Cir.1993)).

The burden of demonstrating the existence of federal jurisdiction rests on the party asserting it. Murphy, 45 F.3d at 522; Droz Serrano v. Caribbean Records, Inc., 270 F.Supp.2d 217 (D.P.R. 2003). "Dismissal [is] proper if the facts alleged reveal a jurisdictional defect not otherwise remediable." Reyes de León, 546 F.Supp.3d at 121 (citing Sumitomo Real Estate Sales (N.Y.), Inc. v. Quantum Dev. Corp., 434 F. Supp. 2d 93, 95 (D.P.R. 2006)). In ruling on a motion under Rule 12(b)(1), the Court may "take into consideration extra-pleading material". Sánchez v. U.S., 707 F.Supp.2d 216, 225 (1st Cir. 2010)(citations omitted). Exhibits attached to a Rule 12(b)(1) motion do not automatically turn it into a motion for summary judgement. González v. United States, 284 F.3d 281, 288 (1st Cir. 2002); Mercado Arocho v. United States, 455 F. Supp. 2d 15, 17 (D.P.R. 2006) (Under Fed. R. Civ. P. 12 (b)(1) the court may consider documents outside the pleadings, such as exhibits and affidavits).

## II.    Discussion

Plaintiff sustains that on three different dates— November 8, 2019, March 12, 2021, and October 9, 2021— he attempted to purchase a firearm and the request was initially denied after a background check in the National Instant Criminal Background Check System ("NICS"). Docket No. 1 at ¶¶16-17. Plaintiff alleges that the denial was the result of the FBI having him erroneously identified as a prohibited person under 18 U.S.C. § 922(g)(1). Id. at ¶18. Plaintiff further alleges that he "challenged and prevailed on all three corresponding firearm challenges, but the error in the NICS system, which should have at least been corrected after prevailing on the first challenge, is still present and there is no indication that it will ever be corrected." Id. at ¶31. Plaintiff admits that he "has ultimately been able to purchase firearms". Id. at ¶35. And that

the FBI "overturned its own denial[s]" on all three occasions. Id. at ¶¶46-48. Plaintiff cites to 28 C.F.R. § 25.10 and seeks a writ of mandamus for the FBI to correct the NICS system to allow Plaintiff to purchase firearms "without improper and unjustified restrictions". Id. at ¶¶33-34, p. 7.

The FBI has moved to dismiss. The FBI sustains that the case is moot as Plaintiff has been issued a Unique Personal Identification Number or UPIN, was able to acquire the firearms, and Plaintiff's information in the NICS system has been corrected.[1] Indeed, the FBI has informed the Court that Plaintiff has sought and been granted permission to proceed on eleven (11) firearm transactions. The FBI submitted an affidavit by John Francis Keough, record custodian for the FBI Criminal Justice Information Services Division's NICS, dated March 18, 2022 (Docket No. 6-1), an affidavit by Celeste M. Cochran, record custodian for the FBI Criminal Justice Information Services Division's NICS, dated December 2, 2022 (Docket No. 16-1), and a letter from the FBI to Plaintiff dated January 7, 2022, in which the FBI informs Plaintiff that he has an active UPIN and that his information is contained in the Voluntary Appeal File or VAF (Docket No. 16-2). Plaintiff counters by questioning the Court's ability to consider the documents submitted in support of the FBI's motion to dismiss and the correctness of the information contained therein.

The Brady Handgun Violence Prevention Act established the requirement of a national instant criminal background check system (NICS) to be contacted by any licensed importer, licensed manufacturer, or licensed dealer of firearms for information as to whether the transfer of a firearm to any person would be in violation of Federal or state law. 34 U.S.C. § 40901(b)(1). Regulations in 28 C.F.R. §§ 25.1-25.11 were adopted to regulate appellate procedures for persons denied the right to obtain a firearm after a NICS background check. 28 C.F.R. § 25.1. These regulations charge the FBI with the duty of establishing and managing the NICS. Id. at § 25.3. Pursuant to Section 25.10(a), any individual who has been denied access to a firearm on account of a background check of the NICS can request an explanation regarding reasons for the denial from the FBI or from the state enforcement agency involved in the denial. Id. at §

---

[1] While the Court agrees that Plaintiff has not pled the absence of an adequate remedy in law (which is one of the requirements for a writ of mandamus), because the Court is recommending dismissal on account of mootness, there is no need to further address this matter. See In re Financial Oversight and Management Board for Puerto Rico, 985 F.3d 122, 128 (1st Cir. 2021) (discussing requirements for a writ of mandamus).

25.10(b). The individual who wishes to challenge the accuracy of the records or to assert that his right to possess a firearm has been restored may then make an application to the denying agency or to the agency which originated the record. Id. at § 25.10(c). Alternatively, the individual may "challenge […] the accuracy of the record, in writing, to the FBI […]." Id. at § 25.10(d). Or may "contest the accuracy or validity of a disqualifying record by bringing an action against the state or political subdivision responsible for providing the contested information, or responsible for denying the transfer, or against the United States, as the case may be, for an order directing that the contested information be corrected or that the firearm transfer be approved." Id. at § 25.10(f); see also 18 U.S.C. § 925A.

Although not expressly pled, Plaintiff chose to request recourse from the FBI—resulting in the ultimate approval of his three denials—and, additionally, to proceed before the Court. There is no dispute that Plaintiff is not currently being denied access to a firearm. The issue before the Court is whether Plaintiff is entitled to a mandamus so that his information is corrected and, in the future, should he be denied access to a firearm after an NICS background check, he is not required to challenge the accuracy of the records. The Court may consider the affidavits submitted by the FBI to gauge its jurisdiction. Granting Plaintiff's requested relief would require that the Court presume that, despite two affidavits to the contrary, the information in the NICS has yet to be corrected. But there is no basis for this conclusion.

Article III of the U.S. Constitution allows the Court to assume jurisdiction only when there is an actual case or controversy. U.S. Const. art. III, § 2, cl. 1. This means that the Court may only adjudicate live disputes between adverse parties. Laufer v. Acheson Hotels, LLC, 50 F.4th 259, 266 (1st Cir. 2022) (citation omitted). There is no actual case or controversy when a case is moot. Id. at 277; Redfern v. Napolitano, 727 F.3d 77, 83 (1st Cir. 2013) (citations omitted). A case is moot when the parties lack a "cognizable interest" in its outcome. Id. at 84 (citations omitted). Or when the Court is unable to provide meaningful relief to satisfy plaintiff's alleged injuries. Barrera- Rodríguez v. Westernbank de Puerto Rico, 2012 WL 8281716 *4 (D.P.R.). A case may become moot during litigation. Laufer v. Acheson Hotels, LLC, 50 F.4th at 277 (citations omitted). As such, a case can become moot "because of a change in the fact situation underlying the dispute, making relief […] pointless." Ivyport Logistical Servs., Inc. v. Caribbean Airport Facilities, Inc., 502 F. Supp. 2d 227, 231 (D.P.R. 2007) (citation omitted).

4

The challenge of the Court's jurisdiction can be facial or factual. The challenge is facial when it is alleged that the plaintiff has not propounded an adequate basis for subject-matter jurisdiction and factual when the jurisdictional facts are distinct from the merits. Id. at 229–30 (citation and quotations omitted). The FBI's challenge in this case is factual: there is no jurisdiction because Plaintiff has been allowed to purchase the firearms at issue and the information that he seeks to correct has been corrected—there is no prohibition in the NICS that would result in a denial of his request to acquire a firearm. When the attack on the Court's jurisdiction is factual, the Court may weigh the evidence to satisfy itself that it can exercise jurisdiction. Laufer v. Acheson Hotels, LLC, 50 F.4th at 265–66 (quoting Torres-Negrón v. J & N Recs., LLC, 504 F.3d 151, 163 (1st Cir. 2007)); O'Neill v. Fed. Deposit Inc. Corp., 2013 WL 12237728 * 2 (quoting Acosta-Ramírez v. Banco Popular de Puerto Rico, 712 F.3d 14, 18 (1st Cir. 2013)); Barrera- Rodríguez v. Westernbank de Puerto Rico, 2012 WL 8281716 *3 (D.P.R.). Plaintiff's argument that the Court cannot consider the documentary evidence submitted by the FBI in support of its motion to dismiss is thus meritless.

Pursuant to the information contained in the affidavits, on March 15, 2022, the FBI conducted an audit of the databases used by NICS to conduct firearms background checks to verify Plaintiff's information and concluded that Plaintiff is not currently prohibited from receiving or possessing a firearm under federal or state law. See Docket No. 6-1 at ¶11. The denial of Plaintiff's request to purchase a firearm on October 9, 2021, was due to the databases having contained prohibiting information. Docket No. 16-1 at ¶6. **But after that date (October 12, 2021)** it was discovered that Plaintiff had a Unique Personal Identification Number ("UPIN"), which was issued on March 19, 2021, and **the records were updated** so that Plaintiff could be allowed to proceed. Id. (emphasis added). The affiant further sustains that, after receiving a UPIN, Plaintiff "has had eleven transactions (nine in Florida and two in Puerto Rico) that have been initiated to date. All transactions were either 'proceed' or 'submitted to state' (*i.e.*, Florida).". Id. The affidavit informs that Plaintiff's UPIN is active for current and future use and that Plaintiff is not currently prohibited from receiving or possessing a firearm. Id. at ¶7; Docket No. 16-2.

Plaintiff challenges the accuracy of the affidavits by pointing that, after the issuance of the UPIN, on October 12, 2021, he was denied access to a firearm on account of the information contained in the NICS. Plaintiff thus poses that the issuance of a UPIN does not mean that the

information was corrected in the NICS. A UPIN is a number assigned to a person who has requested that his information be retained by the FBI as a Voluntary Appeal File ("VAF"). The VAF is a system maintained by the FBI that stores an individual's record of past acceptances, denials, delays, and appeals. Smitherman v. United States, 2021 WL 2659677 *2 (S.D.Ala.); 28 C.F.R. § 25.10(g). Its purpose is to allow the FBI to maintain personal information so that future erroneous denials or extended delays by the NICS can be avoided. 28 C.F.R. § 25.10(g); Wilson v. United States, 2014 WL 6997770 *3 (E.D.Wash.)(the VAF and UPIN system was established to facilitate purchase of firearms; retains documents that establishes purchaser's qualification to purchase firearms and enables NICS examiners to avoid erroneous denials or extended delays in subsequent background checks). An applicant who is accepted into the VAF is assigned a UPIN, which allows him to access his records to expedite future transactions. Smitherman v. United States, 2021 WL 2659677 at *2. A UPIN is only issued if there is no prohibition to obtain a firearm.[2] 28 C.F.R. § 25.10(g)("If the FBI finds a disqualifying record on the individual after his or her entry into the Voluntary Appeal File, the FBI may remove the individual's information from the file."). Therefore, when a person has been issued a UPIN (although he may still be required to pass a background check for future acquisition of a firearm), his suit for wrongful denial of a firearm becomes moot. See e.g., Smitherman v. United States, 2021 WL 2659677 at *4-5 (UPIN sufficient remedy); Umbert v. United States, 2019 WL 4305576 *5-7 (D.D.C.)(plaintiffs could purchase a firearm and apply for a UPIN; no further relief could be granted by the court); Wilson v. United States, 2014 WL 6997770 at *2, 4 n.1 (rejecting argument that delay in obtaining relief could defeat motion to dismiss).

While Plaintiff is correct that the UPIN does not automatically grant him access to a firearm because he is still subject to a background check and that there appears to have been erroneous information in the NICS after the UPIN was originally issued, the fact that the UPIN was issued in the first place means that there was no prohibition at that time; on March 19, 2021. And, pursuant to custodians of records of the NICS (1) any lingering erroneous information in the NICS that triggered the denial in October 2021 was corrected after October 12, 2021, (2) there is currently no prohibition for Plaintiff to acquire a firearm, and (3) Plaintiff has initiated eleven (11) firearm transactions successfully. See Docket Nos. 6-1; 16-1. Plaintiff has not

---

[2] https://www.fbi.gov/how-we-can-help-you/more-fbi-services-and-information/nics/national-instant-criminal-background-check-system-nics-appeals-vaf (last verified on January 13, 2023).

submitted any evidence to dispute the information in the affidavits submitted by the FBI. Or to contest the fact that he was issued a UPIN that is currently active and that he has been authorized to proceed on eleven (11) transactions since obtaining the UPIN. At this time, there is no meaningful relief that the Court could grant Plaintiff in this case: Plaintiff's information has been corrected in the NICS and he has not been denied access to a firearm on account of wrongful information since at least October 12, 2021. This case is moot. See e.g., Wilson v. United States, 2014 WL 6997770 at *2, 4 n.1 (considering affidavits or declarations by custodians of records to find case moot when plaintiff not prohibited from obtaining firearm); Roach v. United States, 2019 WL 2084409 *3-5, n. 2 (N.D.Ga.) (same); Perron v. Federal Bureau of Investigation, 2018 WL 835713 *2-3 (W.D.Wash.) (same); Myrick v. United States Department of Veterans Affairs, 2017 WL 1074362 *7 (M.D.Ala.) (same); Smitherman v. United States, 2021 WL 2659677 at *2 (same); Umbert v. United States, 2019 WL 4305576 *4-7 (D.D.C.) (same); Melton v. United States, 2022 WL 2821540 *2 (N.D.Miss.) (same); Bowen v. United States, 2021 WL 5162584 *4 (S.D.Ga.)(same); Halverson v. United States, 2020 WL 3058152 *3 (W.D. Wisc.) (same).

### III. Conclusion

For the reasons discussed above, the Court recommends that the FBI's motion to dismiss be **GRANTED**. This Report and Recommendation is issued pursuant to 28 U.S.C. §636(b)(1) and Rule 72(d) of the Local Rules of this District Court. Pursuant to Local Rule 72(d), the parties have fourteen (14) days to file any objections to this Report and Recommendation. Failure to file timely and specific objections within the specified time waives the right to review in the District Court and those claims not preserved by such objections are precluded on appeal. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Secretary of Health and Human Services, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 17th day of January 2023.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge